A town ordinance prohibiting the keeping a grocery without a license is valid, though, it enumerate articles licensed to be sold by the court of common pleas, for state or county purposes.
The mayor of a town may have jurisdiction of breaches of its ordinances, though a citizen.
Application for a writ of error to the Supreme Court of Knox. The charter of the town gives the council power to make “such by-laws and ordinances consistent with the constitution and laws of the United States and this state, as they may deem necessary for the regulation, interest, safety, health, cleanliness, and convenience of said town, and the inhabitants thereof,” and confers the “exclusive power to grant or refuse license to all ale houses, confectioneries or groceries, established within the limits of said town, and regulato the same as they shall think proper.” It is made the “special duty” of the mayor to see the ordinances of the town enforced. A town ordinance forbids the opening of a “ grocery shop, or vending by retail within the limits of the town, bread; cakes, ale, wine, porter, mead, cider, metheglin, beer, confectionery, or spirituous liquors,” without license, under penalty of not exceeding five dollars.
^Complaint was made before the mayor against Thomas for having violated this ordinance, of which be was convicted and fined five dollars. Thomas brought this conviction before the court of common pleas, by a writ of certiorari, and assigned for error the following causes, viz: 1. That the mayor, being a citizen, was a party, and could not take jurisdiction to try the complaint. 2. That the mayor admitted the ordinance of the town to sustain his jurisdiction. 3. The ordinance is void, as in restraint of trade, and as imposing a tax upon the sale of articles exempt by law. The court of common pleas affirmed the judgment. Thomas brought a writ of error in the Supreme Court to reverse this affirming order of the common pleas, but the Supreme Court affirmed the order. Thomas now applies for a writ of error to the Supreme Court of Knox to reverse these proceedings.
insisted that the ordinance was valid; that a citizen of a municipal corporation was competent to take jurisdiction of offenses against one of its ordinances, or to be -a witness. He cited 1 Bay. 382; Ang. & Ames Corp. 200; 5 Bur. 1858. The court unanimously refused the writ.